**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tia Williams-Sullivan,<br><br>Plaintiff,<br><br>v.<br><br>Prudential Insurance Company of America, et al.,<br><br>Defendants. | No. CV-20-00315-PHX-SMB<br><br>**ORDER** |

Plaintiff, Tia Williams-Sullivan, has filed a Motion to Supplement the Administrative Record and to Remand Claim, or in the Alternative, to Supplement the Administrative Record and to Consider the Evidence in the Dispositive Motions. (Doc. 27.) Defendant, Prudential, opposed Plaintiff's Motion, (Doc. 31), and Plaintiff replied. (Doc. 33.) The Court held oral argument on November 18, 2020. For the reasons discussed below, the Plaintiff's motion is denied

**I.  BACKGROUND**

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA") and concerns a rejected claim for long-term disability ("LTD") benefits. Plaintiff worked as a fraud investigator at JPMorgan Chase & Co. ("Chase"). (Doc. 27 at 4.) After becoming disabled on February 27, 2017 due to "cervical radiculitis" and "shoulder pain," Plaintiff filed for and was approved for short-term disability ("STD") benefits. (*Id.* at 4.) On September 8, 2017, Defendant Prudential Insurance Company of

America ("Prudential") approved Plaintiff's claim for long-term disability ("LTD"). (*Id.* at 5.) Plaintiff claims that Prudential approved her LTD claim solely on an attending physician form completed by her doctor, Dr. Engstrom, which stated that Plaintiff was scheduled to undergo "right shoulder arthroscopy with subacromial decompression." (*Id.* at 5.) On April 13, 2018, Prudential found that Plaintiff was no longer disabled and terminated LTD benefits. (*Id.* at 5.) Prudential based its decision on a vocational expert's finding that Plaintiff could perform her sedentary job within the post-surgical restrictions outlined by her surgeon, Dr. Padley. (Doc. 31 at 4; Doc. 27, Ex. A.)  Plaintiff appealed the decision on April 30, 2018. (Doc. 31 at 4.) During the appeals process, Prudential retained Dr. Guernelli, "an independent physician board certified in physical medicine and rehabilitation ("PM&R") and pain management" to conduct a medical review. (Doc. 31 at 4.) Prudential went on to deny Plaintiff's claim on May 31, 2018, July 12, 2018, and October 15, 2018. (Doc. 27 at 5.) Plaintiff was unrepresented during these reviews. (*Id.* at 5.) Both parties agree that the reviews on May 31, 2018 and July 12, 2018 were mandatory ERISA appeals. (Doc. 31 at 12.) Plaintiff claims that the final denial of her claim on October 15, 2018 was based entirely on Dr. Guernelli's opinions which disagreed with the opinions of her own doctors. (Doc. 27 at 5.) On September 18, 2019, the Social Security Administration's ("SSA") Administrative Law Judge ("ALJ") concluded that Plaintiff had been disabled and unable to work in any gainful occupation since October 1, 2018. (Doc. ¶ 117.) However, Prudential refused to reopen Plaintiff's claim and reconsider the ALJ's determination. On October 31, 2019, over a year after Prudential's final denial of her claim Plaintiff asked Prudential to supplement the record with various evidence. (Doc. 31 at 6.) Prudential claims that it declined that request because its October 15, 2018 decision was final. (Doc. 31 at 6.) Plaintiff submitted the complaint in this case on February 11, 2020. (Doc. 1.) Plaintiff has filed this motion alleging that Prudential engaged in a host of procedural errors, including the failure to engage in a "meaningful dialogue" as required as part of providing a "full and fair" review. (Doc. 27 at 2.)

**II.    LEGAL STANDARD**

Generally, when applying an abuse of discretion standard[1] to an ERISA plan, the district court's review is limited to the administrative record. *Burke v. Pitney Bowes Inc. Long Term Disability Plan*, 544 F.3d 1016, 1027-28 (9th Cir. 2008) (citing *Abatie*, 458 F.3d at 970). However, "when an administrator has engaged in a procedural irregularity that has affected the administrative review, the district court should 'reconsider [the denial of benefits] after [the plan participant] has been given the opportunity to submit additional evidence.'" *Abatie*, 458 F.3d at 973 (citing *Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 617 (6th Cir. 1992)). Even when procedural irregularities are smaller and abuse of discretion review applies, "the court may take additional evidence when the irregularities have prevented full development of the administrative record. In that way the court may, in essence, recreate what the administrative record would have been had the procedure been correct." *Id.* at 973.

When a plan administrator fails to comply with the requirements of 29 U.S.C. § 1133 by properly notifying the claimant in writing of the reasons for denial or by failing to afford a full and fair review after an initial denial, the "usual remedy" in the Ninth Circuit is to remand to the plan administrator so that the claimant is afforded a full and fair review. *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1035 (9th Cir. 2006) (quoting *Syed v. Hercules Inc.*, 214 F.3d 155, 162 (3d Cir. 2000)).

**III. DISCUSSION**

Plaintiff seeks an order to supplement the Administrative Record with 2,000 pages of evidence she submitted after retaining counsel and which she claims followed Prudential's final denial of her claim on October 15, 2018. (Doc. 27 at 1.) Further, Plaintiff argues that remanding the case will "remedy a host of *material* ERISA procedural violations committed by Prudential because they precluded a 'full and fair' review in

---

[1] It appears that the Court's eventual review on the merits will be for an abuse of discretion because Plaintiff never mentions what standard of review the Court will ultimately use to evaluate Prudential's denial of Plaintiff's claim. However, Prudential's opposition to Plaintiff's motion notes in passing that the standard of review will be for an abuse of discretion, and Plaintiff does not counter that assertion. (Doc. 31 at 7.)

violation of 29 U.S.C. § 1133(2)." (*Id.* at 2) (emphasis original). Plaintiff contends that these violations include Prudential's failure to provide notice of what evidence Prudential believed was necessary for her to submit during her mandatory ERISA appeal in order to perfect her claim, (*Id.* at 2-3.), Prudential's failure to act as Plaintiff's fiduciary and failure to engage in meaningful dialogue as required by *Montour v. Hartford Life & Acc. Inc. Co.*, 588 F.3d 623, 636 (9th Cir. 2009). Plaintiff also claims that Prudential violated *Salomaa v. Honda Long Term Disability Plan* in failing to advise Plaintiff that it obtained Dr. Guernelli's report during her mandatory appeal and that "his opinions did not support her claim and it was using them to uphold its termination." (*Id.* at 3.); 642 F.3d 666, 679-80 (9th Cir. 2011). Plaintiff argues that, "A remand is warranted based on Prudential's initial termination of benefits on April 13, 2018." (*Id.* at 6.) Further, Plaintiff claims that *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006), allows her to supplement the record so that she is afforded a "full and fair" required by ERISA, and so that she can "re-create" what the administrative record should have been had Prudential acted in her best interest. Lastly, Plaintiff argues that Prudential erred by tacking on a new reason for denial in its final denial and not allowing Plaintiff an opportunity to respond in violation of *Abatie*. 458 F.3d at 974 (holding an administrator violates ERISA by tacking on a new reason for denying benefits in a final decision).

Plaintiff appears to attempt to supplement the record with the following evidence: a July 31, 2019 narrative letter from Dr. Amin; a June 24, 2019 narrative letter from Dr. Engstrom; a February 15, 2019 Functional Capacity Evaluation (FCE) with valid text results administered by Sandy Goldstein, P.T. a qualified physical therapist who conducted an extensive 3-hour clinical interview, physical examination, and simulated objective workplace testing of Ms. Williams-Sullivan's functional work restrictions; a September 18, 2019 vocational assessment authored by a certified vocational expert who interviewed Ms. Williams-Sullivan and reviewed the policy's "Regular Occupation" and "Any Gainful Occupation" definitions of disability and other relevant evidence in Ms. Williams-Sullivan's claim; four affidavits authored by Plaintiff, her cousin, and two-longtime friends

asserting that her medical condition renders her unable to work in any occupation; updated medical records and a list of current medications; and the SSA ALJ's decision approving Plaintiff's claim and her SSA claim file. (Doc. 27 at 13-14.)

**A. Prudential's Alleged ERISA Violations**

Plaintiff claims that Prudential committed a host of material ERISA procedural violations, which precluded a "full and fair" review under 29 U.S.C. § 1133(2). (Doc. 27 at 2.)

**1. Initial Termination Letter**

First, Plaintiff claims that Prudential's initial termination letter dated April 13, 2018 is a clear violation of ERISA's notice requirements because it failed to provide Plaintiff, who was unrepresented, what Prudential believed was necessary for her to submit during her mandatory ERISA appeal in order for her to perfect her claim and get it approved. Defendants disagree, arguing that the denial letters were adequate under applicable ERISA regulations. (Doc. 31 at 12-13.)

ERISA mandates that every employee benefit plan shall:

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. Further, upon an adverse benefits determination, the notification shall set forth "[a] description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary." 29 C.F.R. § 2560.503-1(g)(1)(iii); *see also Montour v. Hartford Life Acc. Ins. Co.*, 588 F.3d 623, 636 (9th Cir. 2009) ("We have also construed [29 C.F.R. § 2560.503-1(g)(1)(iii)] to require a plan administrator denying benefits in the first instance to notify

the claimant not just of the opportunity for internal agency review of that decision but also of what additional information would be necessary 'to perfect the claim.'" (quoting *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1032 (9th Cir. 2006)). Where there is nothing specifically missing from the record that would render the initial denial letter deficient, a plan administrator does not run afoul of § 2560.503-1(g)(1)(iii) by declining to note specific information that a plaintiff needs to perfect a claim. *Johal v. United States Life Ins. Co. in City of New York*, No. CV-20-00204-PHX-JAT, 2020 WL 6074248, at *3 (D. Ariz. Oct. 15, 2020) (finding no deficiency under § 2560.503-1(g)(1)(iii) because the administrator, having considered all the evidence, concluded that it needed no more and that the claimant was not disabled).

Prudential's initial denial letter states that if Plaintiff chooses to appeal, the appeal should contain:

- The reasons that you disagree with our determination
- Medical evidence or information to support your position such as:
    - Copies of therapy treatment notes
    - Any additional treatment records from physicians
    - Actual test results (e.g. EMG, MRI)

(Doc. 27, Ex. A.) While this response does not specifically outline what exact evidence Plaintiff would need to perfect her claim, it is not necessarily a procedural error. Prudential's initial denial letter generally informs Plaintiff of her right to appeal and what documents she may consider submitting as a part of that appeal. At the time of the denial on April 13, 2020, Plaintiff does not contend that anything was missing that would have allowed her to perfect her claim. None of the evidence that Plaintiff seeks to supplement into the administrative record appears to have originated prior to April 13, 2020, furthering the presumption that the situation here was akin to that in *Johal*. Instead, as in *Johal*, the administrator apparently simply found that having considered all the evidence, it needed no more and the Plaintiff was not disabled. Thus, the Court finds that Prudential did not err by failing to specify what exact evidence Plaintiff would need to produce to perfect her

claim.

### 2. Dr. Guernelli's Qualifications

Plaintiff also argues that Prudential violated ERISA by failing to consult an orthopedic surgeon during the mandatory appeal. (Doc. 27 at 10.) Under ERISA regulations, where an adverse benefits determination is based on medical judgement, the fiduciary is required to consult with a healthcare professional who has appropriate training and experience in the field of medicine. 29 C.F.R. § 2560.503-1(h)(3)(iii). This Court rejected a similar argument in *Woolsey v. Aetna Life Ins. Co*. 457 F.Supp.3d 757, 772 (D. Ariz. 2020) ("Plaintiff points to no case to support his inference that only '[a] neurologist, like Dr. Fineman, … should have reviewed the claim.'").

Dr. Guernelli, the doctor who Prudential consulted during the mandatory appeal, is an independent physician board-certified in physical medicine and rehabilitation and pain management. (Doc. 31 at 4.) Here, without support from any case, Plaintiff contends that only an orthopedic surgeon was qualified to review Plaintiff's claim. Without more, the Court finds that Dr. Guernelli's qualifications are enough to satisfy 29 C.F.R. § 2560.503-1(h)(3)(iii).

### 3. Prudential's Alleged Failure to Advise of Dr. Guernelli's Review

Plaintiff argues that Prudential violated *Salomaa* by "never *advising* [Plaintiff] that it obtained Dr. Guernelli's report during her mandatory appeal and *more egregiously*, failing to advise her his opinions did not support her claim and it was using them to uphold its termination." (Doc. 27 at 3) (emphasis original). In response, Prudential argues that *Salomaa* is distinguishable because there the plaintiff requested, but was not provided with, the medical report that the administrator relied upon in deciding the plan participant's *initial* claim. (Doc. 31 at 15.) (emphasis added). Additionally, Prudential argues that that *Salomaa* does not impose a duty to send claimants these types of reviews absent a request when the reviews were made on appeal. (*Id.* at 15.)

During an appeal, the plan administrator must furnish, *upon request*, "'all documents, records, and other information relevant for benefits to the plaintiff.'" *Salomaa*,

642 F.3d at 680 (quoting 29 C.F.R. § 2560.503-1(h)(2)(iii)) (emphasis added). "A physician's evaluation provided to the plan administrator falls squarely within this disclosure requirement." *Id.* This procedure ensures that claimants are provided an opportunity to respond with evidence of their own. *Id.* When a plaintiff does not request information relied upon during an ERISA appeal of a benefits determination, the administrator does not commit a procedural irregularity by failing to provide such information. *See Masuda-Cleveland v. Life Ins. Co. of North Am.*, 2017 WL 427497, at *5-6 (D. Haw. Jan. 31, 2017) (finding that case law in *Salomaa* and *Yancy v. United of Omaha Life Ins. Co.*, 2015 WL 5132086 (C.D. Cal. Aug. 25, 2015), as well as the regulations, demonstrates that a plan need only provide a claimant with copies of his record "upon request" and thus there was no procedural irregularity when the plaintiff did not request a copy of a report or a general request for information relied on in the court of deciding the appeal); *see also Luu v. Unum Life Ins. Co.*, 2019 WL 1306261, at *8-9 (C.D. Cal. Mar. 15, 2019) (finding no procedural violation where plaintiff did not request doctor's report from plan administrator until after final determination was made).

Here, Prudential did inform Plaintiff of Dr. Guernelli's report and conclusions, and Plaintiff never requested his report until after her mandatory appeal was decided. Prudential's denial letters from May 31, 2018 and July 12, 2018 informed Plaintiff that, "In order to assess your functional capacity, your claim file was referred for an independent review by a physician Board Certified in Physical Medicine and Rehabilitation with Pain Management." (Doc. 27, Ex. A at 9, 14.) Additionally, both letters state, "We have had your claim file reviewed by a physician Board Certified in Physical Medicine and Rehabilitation with Pain management who provided their opinions as to your functional capacity." (Doc. 27, Ex. A at 10, 16.)   These denial letters also explain what the reviewing experts opinions are and why the opinions affected their decision.  (Doc. 27, Ex. A at 9, 15-16)  After the July 12, 2018 denial, Plaintiff requested a copy of Dr. Guernelli's report for the first time, and it was provided to her the next day. Since Prudential put Plaintiff on notice of the existence of Dr. Guernelli's report and ERISA only requires a plan

administrator to disclose these reports upon request during an appeal from a benefits denial determination, the Court finds that Prudential did not commit a procedural error by failing to disclose the report before it was requested by Plaintiff.

### 4. New Reason for Denial

Plaintiff argues that Prudential erred by including a new reason for denial in its July 12, 2018 denial letter to Plaintiff. Plaintiff also argues that Prudential's denial of Plaintiff's claim was based on Dr. Geurnelli's "shifting opinions," but she fails to adequately show what those shifting opinions are outside of the new reason for denial in Prudential's July 12, 2018 denial letter. (Doc. 27 at 10.) Specifically, Prudential's July 12, 2018 denial letter to Plaintiff contained the following additional two sentences, "There was no objective documentation or evidence of significantly restricted right shoulder range of motion that would preclude waist movement. There is insufficient medical evidence to support the claimant's inability to work." (Doc. 27 at 11, Ex. B at 16.) Prudential then allowed a voluntary appeal, which was denied on October 15, 2018. (Doc. 27 at 5.)

Plan administrators must provide a plan participant with adequate notice for reasons of denial. *Abatie*, 458 F.3d at 974 (citing 29 U.S.C. § 1133(1)). "When an administrator tacks on a new reason for denying benefits in a final decision, thereby precluding the plan participant from responding to that rationale for denial at the administrative level, the administrator violates ERISA's procedures." *Abatie*, 458 F.3d at 974. In *Abatie*, the parties were litigating in California state court when additional evidence came to light. *Id.* at 960. In view of the additional evidence, the parties agreed to allow the plan administrator to conduct an additional review and render a final determination of the claim instead of proceeding directly to trial. *Id.* at 961. In rendering its final determination denying the claim, the plan administrator denied coverage for an entirely new reason, which the Ninth Circuit determined was improper. *Id.* at 974.

Here, Prudential's new reason for denial in its July 12, 2020 denial letter was not a procedural error because Prudential gave Plaintiff an opportunity to respond to the reason for denial in the subsequent voluntary appeal. Thus, the situation here is different than in

*Abatie*. Since Plaintiff was given an opportunity to respond with her own "objective" evidence to the addition of the two new sentences in Prudential's July 12, 2018 denial letter, the Court finds that the addition of these new reasons for denial did not constitute a procedural error.

### 5. Meaningful Dialogue

Plaintiff contends that Dr. Geurnelli's failure to communicate directly with Plaintiff's doctors' before rejecting their opinions constitutes a "failure to investigate and engage in the 'meaningful dialogue' required by ERISA and *Salomaa*." (Doc. 27 at 10.) Plaintiff claims that Dr. Geurnelli's rejection of Dr. Padley's (Plaintiff's surgeon) opinion without speaking with him "is an obvious failure to investigate and engage in the 'meaningful dialogue' required by ERISA and *Salomaa*. (Doc. 27 at 10.) Plaintiff further claims that Dr. Geurnelli robbed Plaintiff of the meaningful dialogue by failing to speak to Dr. Engstrom, Plaintiff's treating physician, (Doc. 27 at 11-12.), and by disagreeing with an evaluation by Dr. Amin, a board-certified rheumatologist. (*Id.*).[2] Plaintiff provides no further authority for her argument that these facts robbed the Plaintiff of the meaningful dialogue required by ERISA, but merely cites *Salomaa* generally. (Doc. 27 at 10.)

The Court finds that these arguments go to the merits of Plaintiff's case and are premature at this stage. Here, the Court is merely determining if procedural irregularities existed that would warrant supplementing the record or remanding the claim to the plan administrator. It is not reviewing the entire administrative record to determine whether Prudential abused its discretion in denying Plaintiff's claim. Arguments regarding whether Dr. Guernelli properly communicated with Plaintiff's doctors regarding their opinions or properly disagreed with their opinions is better left for the Courts final determination on the merits.

### B. Evidence to be Supplemented

---

[2] Plaintiff also argues in this section of her motion that Prudential's denial based on a "lack of objective evidence" is an abuse of discretion. (Doc. 27 at 11.) As the motion currently before the Court simply seeks to supplement the record and remand the claim to Prudential, the Court will withhold ruling on this argument until the merits determination.

The Court has not found procedural irregularities that would warrant supplementing the record and the evidence Plaintiff seeks to supplement cannot properly be supplemented. The social security decision and claim file should not be a part of the administrative record because it was decided over year after its final denial and found plaintiff disabled as of October 1, 2018, well after Prudential's initial denial of Plaintiff's claim. (Doc. 31 at 8.) Unlike in the cases cited by Plaintiff, here, because the social security decision was decided well after Prudential's final denial of Plaintiff's claim and found that she was disabled during a time period that was different than the period considered by Prudential's review, it would never have been part of the administrative record. *Cf. Woolsey v. Aetna Life Ins. Co.*, 457 F.Supp.3d 757, 776 (D. Ariz. 2020) (noting that the "Plaintiff's SSA and LTD claims share identical review periods.").

The remaining documents that Plaintiff seeks to supplement suffer from the same defect. Plaintiff had the opportunity to submit documents and evidence to Prudential during her two mandatory appeals and during her voluntary appeal, but now seeks to supplement 2,000 pages of documents that appear to have been generated well after Prudential's final determination. Thus, since none of this evidence existed during Prudential's review, it would be inappropriate to supplement the administrative record absent some procedural irregularity which prevented full development of the administrative record.

Plaintiff's reliance on several recent decisions in this district including *Woolsey* is misplaced. This Court allowed the plaintiff in *Woolsey* to supplement the administrative record during the *merits determination* due to "the cumulative effect of procedural irregularities" which prevented "'full development of the administrative record.'" 457 F.Supp.3d at 768 (emphasis added). The circumstances in *Woolsey* are different as well. In *Woolsey*, the Plaintiff failed to provide the necessary medical records and the total medical record was "shockingly thin". *Id* at 769. Aetna had a duty to tell Woolsey what was missing. In this case, the Court has yet to find procedural irregularities that inhibited full development of the administrative record and the medical record was fully developed. There was no missing information.

**C. Remand to Prudential**

The Plaintiff also asks the Court to remand the claim to Prudential for conduct a full and fair review. (Doc. 27 at 17.) Plaintiff, in its Reply, argues that the goal of ERISA of resolving disputes over benefits inexpensively and expeditiously warrants remand before the merits determination. (Doc. 33 at 1.); *see Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005). Further, Plaintiff argues in its reply that a remand is warranted due to a plethora of procedural violations committed during Plaintiff's mandatory ERISA appeal, which denied Plaintiff a full and fair review. (Doc. 33 at 2-3.) At oral argument, Plaintiff urged the Court to follow the ruling in *Johal v. United States Life Ins. Co. in the City of New York*, No. CV-20-00204-PHX-JAT, 2020 WL 6074248 (D. Ariz. Oct. 15, 2020), and to order a remand based on similar reasoning.

Since that the Court has found no procedural irregularities that violated 29 U.S.C. § 1133, the Court finds that no remand is appropriate in this case. Judge Teilborg's decision in *Johal* is distinguishable from this case. There, Judge Teilborg allowed a remand to the plan administrator because a procedural irregularity "prevented the full development of the record." *Johal*, 2020 WL 6074248, at *6. Here, the Court has not found procedural irregularities at this stage or any other reason that Prudential's actions prevented the full development of the record. As explained above, no procedural irregularities prevented the Plaintiff from submitting evidence during her two mandatory appeals or on the subsequent voluntary appeal. Thus, no remand is warranted

**IV.   CONCLUSION**

For the reasons discussed above,

/ / /

/ /

/ /

/

- 12 -

**IT IS ORDERED** denying Motion to Supplement the Administrative Record and to Remand Claim, or in the Alternative, to Supplement the Administrative Record and to Consider the Evidence in the Dispositive Motions. (Doc. 27.)

Dated this 20th day of November, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge